**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAYSEN MEIDELL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>Defendant. | No. 25 C 13852<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Jaysen Meidell alleges that his employer, United Parcel Service, Inc. ("UPS"), discriminated and retaliated against him, and failed to accommodate his disability, in violation of the Americans with Disabilities Act ("ADA"). UPS moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is granted.

**Legal Standard**

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (citation omitted). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

**Background**

Meidell spent the first eleven years of his career with UPS working as a "package car driver." In September 2021, he was diagnosed with stage four cancer and underwent treatment until March 2022. He received additional treatment following a seizure in July 2022 before returning to work in a non-driving position on the "preload shift" in November 2022. Then in December 2022, Meidell was cleared to return to his position as a package car driver and worked in that position for the next eight months.

In August 2023, Meidell failed the Department of Transportation ("DOT") medical examination because he was taking a seizure medication. He returned to the preload position while he pursued an exemption from the Federal Motor Carrier Safety Administration ("FMCSA"). The FMCSA denied the exemption in November

2023. UPS allowed Meidell to continue working in the preload position at his driver rate of pay despite the fact that he was no longer permitted to drive.

The next month, UPS told Meidell he could no longer work in the preload position and instructed him to file ADA paperwork. After Meidell submitted the ADA paperwork, UPS told him there was no work available for him, and that UPS would continue to look for a position for him for six months.

In response to being removed from the preload position, Meidell filed a grievance under the collective bargaining agreement. In response to Meidell's grievance, UPS permitted him to return to the preload position but not as a package car driver. Meidell continues to work for UPS, presumably in the preload position.

Meidell claims that his demotion to preload constituted discrimination and retaliation for seeking an accommodation that would permit him to continue as a package car driver. He also claims that UPS failed to accommodate his disability by failing to engage in the interactive process to determine whether there was a reasonable accommodation that would permit him to continue to work as a package car driver.

## Analysis

### I. Discrimination

"The ADA prohibits employers from discriminating against qualified individuals due to a disability." *Rowlands v. United Parcel Serv.*, 901 F.3d 792, 798 (7th Cir. 2018); *see also* 42 U.S.C. § 12112(a). To state a claim of discrimination under the ADA, Meidell must plausibly allege that: (1) he is disabled within the meaning of

the ADA; (2) he is qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. *See Roberts v. City of Chicago*, 817 F.3d 561, 565 (7th Cir. 2016).

"It is well-established that a plaintiff has the burden of proving that he is 'qualified' to perform the essential functions of the job he holds or seeks, with or without reasonable accommodation." *Bay v. Cassens Transp. Co.*, 212 F.3d 969, 973 (7th Cir. 2000). A threshold question for being "qualified" is whether "the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds." 29 C.F.R. § 1630.2; *see Bay*, 212 F.3d at 974.

Here, Meidell admits in his complaint that he does not possess the DOT certification necessary to perform the job of "package car driver." *See* R. 1 ¶ 7 ("Plaintiff failed his DOT medical examination due to the fact that he was currently taking seizure medication. Plaintiff . . . filed an exemption with the Federal Motor Carrier Safety Administration (FMCSA). The FMCSA denied Plaintiff's exemption request on November 8, 2023."). Meidell argues in his brief that his "inability to obtain DOT certification" does not "automatically" disqualify him as a package driver because UPS admits that its drivers do not need a commercial driver's license, or "CDL." *See* R. 22 at 4. But despite reviewing various federal regulations, Meidell never explains why the lack of a requirement for a CDL is relevant to the requirement

for DOT certification. *See id.* at 4-5. And he does not otherwise address in his brief the impact of his failure to achieve DOT certification on his claims in this case.

Specifically, Meidell does not address the Seventh Circuit's holding in *Bay v. Cassens Transport Co.* that a plaintiff who "lacks the necessary DOT certification" is "not 'otherwise qualified' under the ADA." *Bay*, 212 F.3d at 976. In that case, the Seventh Circuit explained that "an employer can apply 'qualification standards' that deny a job to an individual with a disability as long as those standards are 'job-related and consistent with business necessity." *Id.* at 974 (quoting 42 U.S.C. § 12113(a)). This is especially so if the employment action is "required or necessitated by another Federal law or regulation." *Bay*, 212 F.3d at 974 (quoting C.F.R. § 1630.15(d)). For these reasons, the Seventh Circuit held in *Bay* that a plaintiff's failure to obtain required "DOT certification is fatal to his ADA claim." *Id.*

True, *Bay* was an affirmance of a grant of summary judgment to the defendant, whereas here UPS moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). But in *Bay*, the plaintiff alleged disputes among, and deficiencies in, the findings of the doctors who were involved in denying the plaintiff's DOT certification. *See id.* at 972, 974-75. And the Seventh Circuit explained that summary judgment might not have been appropriate for claims "where the doctor's disqualification decision is based on a condition not covered by DOT regulations, or where the plaintiff's lack of certification is used as a pretext for discrimination, or if an employer is working in collusion with a medical professional to deny certification, a plaintiff's lack of certification may not be decisive." *Id.* at 975. By contrast, Meidell alleges nothing of

the sort. Absent such allegations, *Bay's* authority is decisive here where Meidell has conceded that UPS prohibited him from working as a package car driver because he failed DOT certification.

## II. Retaliation

To establish a retaliation claim under the ADA, a plaintiff "must show that: (1) [he] engaged in statutorily protected activity; (2) the [the defendant] took adverse action against [him]; and (3) the protected activity caused the adverse action." *Brooks v. City of Pekin*, 95 F.4th 533, 539 (7th Cir. 2024). Here, the alleged adverse action is Meidell's demotion from package car driver to a preload position. As discussed, Meidell admits that this action occurred because he failed DOT certification. This means that Meidell's demotion was caused by the failed certification and not by any protected activity he may have engaged in. Additionally, Meidell failed to respond to UPS's argument that he did not plausibly allege causation, so he has waived his retaliation claim.

## III. Failure to Accommodate

Meidell's failure to accommodate claim fails for a separate and more straightforward reason. Meidell does not argue in his brief that he is actually "disabled," for purposes of the ADA. Rather, he only argues that his claim is based on the allegation that UPS "regarded" him as disabled. *See* R. 22 at 3-4. His failure to

make any argument that he is actually disabled operates as a concession that he is not pursuing a claim based on an allegation of actual disability.

This concession dooms Meidell's failure to accommodate claim because the Seventh Circuit has explained that "an individual 'regarded as' disabled (as opposed to actually disabled) is not entitled to a 'reasonable accommodation.'" *Powers v. USF Holland, Inc.*, 667 F.3d 815, 823 n.7 (7th Cir. 2011). This holding is based on ADA provisions that a "covered entity," like UPS, "need not provide a reasonable accommodation or a reasonable modification to policies, practices, or procedures to an individual who meets the definition of disability," solely by "being regarded as having such an impairment." *See* 42 U.S.C. § 12201(1)(h); 42 U.S.C. § 12102(1)(C). As the Seventh Circuit explained, these ADA provisions foreclose a failure to accommodate claim based on an allegation of being "regarded as" disabled. And so, Meidell's failure to accommodate claim must be denied as a matter of law.

**Conclusion**

Therefore, UPS's motion to dismiss [18] is granted and Meidell's complaint is dismissed without prejudice. Any amended complaint is due by October 13, 2026. If an amended complaint is not filed by October 13, 2026, the dismissal will be with prejudice, and judgment will be entered in favor of UPS.

ENTERED:

Thomas M Durkin

Honorable Thomas M. Durkin
United States District Judge

Dated: September 11, 2026